# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# CASE NO.

MICHAEL LAZARUS LE MON, MD

    Plaintiff,

v.

STEPHEN OLUSEGUN BANJOKO,
BAMIDELE CASEY BANJOKO aka
BAMIDELE CASEY WANGBOJE
And
SHILO LLC, dba SHILOH MEDICAL
GROUP, unregistered dba SHILOH
HEALTH

    Defendants.             /

## COMPLAINT

Plaintiff, MICHAEL LAZARUS LE MON, MD ("Plaintiff"), by and through his undersigned attorney, sues Defendants, STEPHEN OLUSEGUN BANJOKO ("Banjoko"), BAMIDELE CASEY BANJOKO aka BAMIDELE CASEY WANGBOJE ("Casey") and SHILO LLC dba SHILOH MEDICAL GROUP unregistered dba SHILOH HEALTH ("Shilo") and alleges as follows:

## INTRODUCTION

1.     This is an action for damages, declaratory, and injunctive relief by Plaintiff against Banjoko, Casey and Shilo for race discrimination under 42 U.S.C.

§1981 ("§1981") and the Honorable Court's supplemental jurisdiction to cover violations of Florida Statutes Section 540.08 and Defendants Unjust Enrichment at Plaintiff's expense.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 42 U.S.C. §1981 ("§1981"). The Court's supplemental jurisdiction is invoked for the Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3. Venue properly lies in this judicial district pursuant to 28 U.S.C. §1391(b), in that the Defendants maintain offices within this judicial district, and carries on commerce with citizens of this judicial district at an open place of business located within this judicial district.

## PARTIES AND EXHAUSTION OF REMEDIES

4. Plaintiff is a male with a portion of white race ancestry born in the United States of America, sui juris, and, at all times material to this action, was a resident located in part of Hillsborough County, Florida and for the majority of the time listed in the complaint he worked as the Registered Pain Management Provider for the Defendants in their pain management facility operated out of its location in 10549 N Florida Avenue Suite J, Tampa, Florida 33612 in Hillsborough County.

5. STEPHEN OLUSEGUN BANJOKO ("Banjoko"), BAMIDELE CASEY BANJOKO aka BAMIDELE CASEY WANGBOJE ("Casey") and SHILO LLC dba SHILOH MEDICAL GROUP unregistered dba SHILOH HEALTH ("Shilo") is a pain management facility and medical clinic located within Hillsborough County. Casey is a black female from Nigeria who has been naturalized to the United States and married to Banjoko a black male from Nigeria who is in the process of being "denaturalized" according to documents filed publicly by the US Immigration and Customs Enforcement that are being used to support his deportation as a noncitizen. Although listed as an LLC, Shilo was operated as a sole proprietorship by Banjoko and mingled its funds with his own and Casey's funds. Shilo's principal building is located at 10549 N Florida Avenue Suite J in Tampa Florida which is within this Honorable Court's jurisdiction. At all times material to the complaint, Defendants have maintained commercial operations within Hillsborough County, Florida. The majority of the retaliation and discrimination that Plaintiff faced occurred while he was located in Hillsborough County. Similarly, Shilo's misuse of Plaintiff's name, likeness, licensure and credentials primarily occurred during advertising for the Tampa location.

6. Plaintiff has complied with all conditions precedent to jurisdiction and this suit is timely filed.

## GENERAL ALLEGATIONS

7. For a period of time in 2018, Plaintiff worked for Shilo, Casey and Banjoko at Shilo's principal facility in Tampa for a short period of time. On September 24, 2018, someone without Plaintiff's permission created a fraudulent company called Michael Lemon MD, LLC with the Florida Department of State. This company forged Plaintiff's electronic signature without permission and used a principal and home address at an unknown location in Ft. Myers Florida. This company was renewed in 2019 and 2020 using falsified signatures for Plaintiff. Then in the April 30, 2022 renewal the registered agent was switched to Casey and the Manager was switched to "Shilo, LLC". At no point did Plaintiff authorize the creation of Michael Lemon MD LLC, nor did he authorize Casey to function as its registered agent nor Shilo as his manager. This company continued under the control of Casey and Shilo without Plaintiff's permission despite using his name and likeness until its dissolution on September 22, 2023.

8. After repeated personal requests from Banjoko, Plaintiff agreed to return to Shilo as its designated physician for pain management certification as well as treating physician. Plaintiff started working for Shilo, Banjoko and Casey the first week of January 2022. Shilo's principal business is the treatment of pain management patients. The State of Florida requires any medical office which advertises for pain management or principally treats patients for pain management

to register with the state of Florida hire a designated pain management with certain experience and credentials unless the office is wholly owned by a physician with certain board eligibility or certification or meets another exemption.  <u>See</u> Florida Statutes Section 458.3265.  So without Plaintiff or a similarly situated physician, Shilo, Banjoko and Casey could no longer treat pain management patients as they did not meet any exemption under Florida Statutes Section 458.3265.

9. For the dual responsibility of treating physician and designated physician for the pain management facility, Plaintiff was paid six thousand dollars a week for the use of his name, likeness and credentials to function for advertising to pain management patients as Plaintiff was certified as an anesthesiologist by the American Board of Anesthesiology in 2000 which is highly attractive advertising credential for securing new pain management patients, to act as designated physician for pain management as well as four days of onsite service as a treating physician.  Plaintiff's name, likeness and credentials are highly desired by possible pain management patients beyond his board certification in anesthesia as he attended a top tier medical school at the University of Pittsburgh and conducted his residency through the University of Southern California, as well being a combat veteran who provided medical services for the US Navy during Desert Storm and has never been sued by a patient.

10. According to talent.com "The average pain management physician salary in Florida is $170,479 per year or $81.96 per hour. Entry level positions start at $68,900 per year while most experienced workers make up to $325,000 per year." At $312,000 per year for four days of onsite work at Shilo, Plaintiff was clearly being compensated as more than just a technician checking patient vitals and issuing prescriptions. Plaintiff was being compensated for the marketability of his name, likeness and credentials that was well above that of even a typical pain management physician.

11. When Plaintiff started at Shilo in January 2022, there were approximately only 15 to 20 patients a day and they were only open for two days. In a relatively short period of time, the patients grew to 22 to 25 patients per day for four days which is what Plaintiff believes to be close to or at the maximum number that could be seen safely with a high standard of care. As a result of the marketability of Plaintiff's name, likeness and credentials, additional doctors were needed to provide coverage for the influx of patients and two pain management doctors from the continent of Africa were added: Chunka Enebeli a black male possibly from Nigeria but definitively from Africa and Akinwumi Aladesawe a black male from Nigeria.

12. At some point in May of 2022, Plaintiff begins to notice the discrimination against his mixed race white background as he notices that he is

being assigned patients with a higher degree of problems, more patients in general and he was not allowed to take breaks in both his work day such as a lunch break nor was he provided breaks in his work week schedule such as taking holidays and sick days, while the two black African doctors were given assigned breaks during the day and week. Plaintiff complained to Casey and Banjoko about the race discrimination but nothing was done to balance the work assignments.

13. In June of 2022, the hostile work environment became so bad that Plaintiff was seeing 25-30 patients a day for four days a week and Plaintiff no longer felt they were being adequately screened to remove "drug-seekers" and "patients feigning injury in order to sell" from the legitimate patients. The African doctors would see 10-15 patients each. Plaintiff complained again to Casey and Banjoko in June 2022 but again, nothing was done to address the race discrimination as Plaintiff was the only physician with white in his racial background.

14. Plaintiff received no extra pay for taking on additional patients while the black African doctors were seeing relatively few patients and Plaintiff received no hotel or coverage of costs. Plaintiff repeatedly complained to Banjoko and Casey about the quality and quantity of patients he was forced to treat, but Casey and Banjoko would brush it off as unimportant. Banjoko in particular told Plaintiff

not to worry about the patients because he had security cameras constantly monitoring the outside.

15. Plaintiff's workload continued to grow in an unsafe manner due to Casey and Banjoko's racial discrimination, but Plaintiff was unable to quit as his elderly mother needed complete home health nursing. Casey and Banjoko, rather than assist Plaintiff during this difficult and troubling time, took advantage of Plaintiff's situation and continued with a slow escalation of numbers.

16. The Florida Department of Health contacted Plaintiff on January 3, 2023, as they noted that Plaintiff's previous place of employment still listed him as an owner and designated physician of a pain management facility. Plaintiff demanded that this association be closed as he had no involvement.

17. Banjoko and Casey increased Plaintiff's patient load to 30-40 patients per day at some point in February 2023. Plaintiff complained again to Banjoko and Casey about the fact that he was seeing an unsafe number of patients. Again, nothing was done.

18. Plaintiff complained to the Department of Health about the escalation of the patient numbers in March 3, 2023. Plaintiff was told that there was nothing the Department of Health could do to help Plaintiff but recommended that he quit.

19. On March 28, 2023, Plaintiff complained with more specificity about the numbers and high tolerance patients to the Florida Department of Health. Plaintiff did not believe that anything was being done.

20. On March 31, 2023, Plaintiff escalated his complaint to the Florida Department of Health at the supervisory level. Plaintiff was told by the Florida Department of Health that it would be wise for him to leave his employment.

21. On April 6, 2023, Plaintiff quit working for Shilo because the patient numbers continued to increase in response to Plaintiff's complaints rather than decrease thereby constructively terminating his employment.

22. Despite being constructively terminated from his employment due to the ongoing hostile race discrimination of assigning large volumes of problem patients to the only physician with a race other than black; Shilo, Casey and Banjoko continued to use Plaintiff's name, image, likeness and credentials on its home website in order to continue the influx of patients. Plaintiff did not give his permission for this continued use, nor did Shilo, Casey and Banjoko provide any type of compensation for this unjust enrichment.

24. On June 4, 2024, the DEA contacted Plaintiff because they were allegedly concerned that the fraudulently created Micheal Lemon MD LLC was being used to keep a third pain management facility open. Plaintiff suffered damages as he was required to pay a $15,000.00 attorney flat fee to the Law Office

of Warren James Pearson, JD in order to clear these issues with the DEA and equivalent issues with the Florida Department of Health.

25. On or about September 1, 2025, Plaintiff observed that Shilo, Banjoko and Casey were still utilizing his name, image and likeness for advertising the Shilo pain management clinic despite the fact he had not worked there or received payment for its use since April 6, 2023. The website had been otherwise updated and altered repeatedly since Plaintiff's constructive termination so this was not an accident or something merely overlooked, this constitutes a clear wanton and intentional misuse of Plaintiff's intellectual property.

26. Plaintiff has satisfied all conditions precedent to bringing this action or these conditions have been waived or otherwise excused.

27. Plaintiff has retained the undersigned attorney to represent him in this action and is obligated to pay said attorney a reasonable fee for his services. Plaintiff requests said attorneys' fees as damages in this lawsuit.

### COUNT I: VIOLATION OF 42 U.S.C. §1981 (RETALIATION FOR REPORTING RACIAL DISCRIMINATION)

28. Plaintiff reasserts his allegations in paragraph 1-27 as if fully set forth herein.

29. This is an action for retaliation based upon Plaintiff's protected rights to complain of the ongoing race discrimination and hostile work environment under 42 U.S.C. §1981. Defendants deprived Plaintiff of his rights of equal protection of

the law against discrimination on the basis of race by engaging in the retaliatory constructive termination wherein they continued to increase the quantity and decrease the quality of patients to such an extent that the DEA warned him against continuing to work at Shilo. Defendants did not treat other doctors who identified solely as black the same way and they had manageable patient loads while Plaintiff was actively discriminated against for his white race ancestry. Plaintiff's comparators without white race ancestry were not subjected to these forms of discriminatory treatment.

30. The US Supreme Court in CBOCS West, Inc. v. Humphries, 553 U.S. (2008) found that the "remedies available under Title VII and under §1981, although related, and although directed to most of the same ends, are separate, distinct, and independent" and that "The Court has accepted overlap between a number of civil rights statutes." Therefore, other than not having the requirement that the Defendant employee 15 or more employees and not requiring exhaustion of administrative remedies, the analysis between §1981 and Title VII claims are similar. A plaintiff establishes a prima facie case of retaliation by showing that (1) the plaintiff engaged in protected activity; (2) the defendant knew of the protected activity; (3) thereafter, the defendant took an adverse action against the plaintiff; and (4) there was a causal connection between the protected activity and the adverse employment action.

31. Plaintiff was clearly engaged in protected activity when he repeatedly complained to Defendants about the patient population disparity between Plaintiff who had white race ancestry and his comparators who were entirely of black race ancestry. Defendants knew of the protected activity as it was reported directly to them and after receiving complaints rather than fix the issue they purposefully made the Plaintiff's patient load worse. And finally there is a clear causal connection between his protected activity and the adverse employment actions as there is a short temporal nexus between them and Defendants punitive steps by increasing the quantity and lessening the quality of the Plaintiff's patient load. \

32. Defendants' discriminatory actions had the purpose and effect of denying the Plaintiff rights in connection with his employment with Defendant that physicians without a white race ancestry were allowed to enjoy.

33. As a result of Defendants' violations of §1981, Plaintiff has been damaged.

WHEREFORE, Plaintiff, MICHAEL LAZARUS LE MON, MD ("Plaintiff"), prays that this Court will:

a. Order Defendants, Defendants, STEPHEN OLUSEGUN BANJOKO ("Banjoko"), BAMIDELE CASEY BANJOKO aka BAMIDELE CASEY WANGBOJE ("Casey") and SHILO LLC dba SHILOH MEDICAL GROUP

unregistered dba SHILOH HEALTH ("Shilo") to remedy the race discrimination of Plaintiff by:

   i.   Paying appropriate back pay;

   ii.  Paying prejudgment and post-judgment interest;

   iii. Paying front pay in lieu of reinstatement;

   iv.  Paying for lost benefits including medical insurance, pension and retirement plan;

   v.   Providing any other relief that is appropriate.

b. Enter an order against Defendant for compensatory damages;

c. Enter an order against Defendant for punitive damages;

d. Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to 42 U.S.C. § 1988(b).

## COUNT II: VIOLATION OF 42 U.S.C. §1981 (DISPARATE TREATMENT DUE TO RACIAL DISCRIMINATION)

34. This is an action for discrimination based upon race under the 42 U.S.C. §1981.

35. Plaintiff reasserts the general allegations as set forth above in paragraphs 1-27 and incorporates these allegations herein by this reference.

36. Defendant violated 42 U.S.C. §1981 by discriminating against Plaintiff based upon his white race ancestry by providing Plaintiff a substantially worse patient load in both quantity and quality when compared to the two

physicians who were of only black race ancestry. This discrimination was intentional by Defendants as the situation only worsened when Plaintiff complained about the issue.

37. Defendants' discriminatory actions had the purpose and effect of denying the Plaintiff rights in connection with his employment with Defendants that employees outside his white race ancestry were allowed to enjoy. Plaintiff's white race ancestry was a determinative factor in Defendants decisions to provide disparate treatment for Plaintiff over his only black race ancestry coworkers.

38. As a result of Defendants' violations of 42 U.S.C. §1981, Plaintiff has been damaged.

WHEREFORE, Plaintiff, MICHAEL LAZARUS LE MON, MD ("Plaintiff"), prays that this Court will:

a. Order Defendants, STEPHEN OLUSEGUN BANJOKO ("Banjoko"), BAMIDELE CASEY BANJOKO aka BAMIDELE CASEY WANGBOJE ("Casey") and SHILO LLC dba SHILOH MEDICAL GROUP unregistered dba SHILOH HEALTH ("Shilo") to remedy the race discrimination of Plaintiff by:

    i. Paying appropriate back pay;

    ii. Paying prejudgment and post-judgment interest;

    iii. Paying front pay in lieu of reinstatement;

iv. Paying for lost benefits including medical insurance, pension and retirement plan;

v. Providing any other relief that is appropriate.

b. Enter an order against Defendants for compensatory damages;

c. Enter an order against Defendants for punitive damages;

d. Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to Section 760.11(5), Florida Statutes.

### COUNT III: CIVIL THEFT OF NAME, IMAGE, LIKENESS AND CREDENTIALS UNDER FL STATUTES SECTION 540.08

39. Plaintiff re-alleges the allegations contained in paragraphs 1-27 above.

40. Under Florida Statutes Section 540.08(1-2) "No person shall publish, print, display or otherwise publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of any natural person without the express written or oral consent to such use given by:

(a) Such person; or

(b) Any other person, firm or corporation authorized in writing by such person to license the commercial use of her or his name or likeness; or

(c) If such person is deceased, any person, firm or corporation authorized in writing to license the commercial use of her or his name or likeness, or if no person, firm or corporation is so authorized, then by any one from among a class composed of her or his surviving spouse and surviving children.

(2) In the event the consent required in subsection (1) is not obtained, the person whose name, portrait, photograph, or other likeness is so used, or any person, firm, or corporation authorized by such person in writing to license the commercial use of her or his name or likeness, or, if the person whose likeness is used is deceased, any person, firm, or corporation having the right to give such consent, as provided hereinabove, may bring an action to enjoin such unauthorized publication, printing, display or other public use, and to recover damages for any loss or injury sustained by reason thereof, including an amount which would have been a reasonable royalty, and punitive or exemplary damages."

41. After Plaintiff was constructively discharged due to race discrimination, Defendants continued to use Plaintiff's name, photograph and other likeness in order to advertise their pain management facility. Plaintiff did not provide his approval for this misuse of his personal identity in either express oral or written consent. Nor would Plaintiff have agreed to this use for multiple years without compensation.

42. Plaintiff has been damaged due to Defendants willful failure to pay Plaintiff for the use of his name, likeness and photograph. Defendants have willfully failed to pay Plaintiff for the civil theft of Plaintiff's identity in order to advertise their pain management facility. Prior to the commission of Discovery, a reasonable estimate of this compensatory loss for the continued advertisement is

six hundred twenty-four thousand dollars ($624,000).  Moreover, punitive and exemplary damages should be provided as Plaintiff's credentials and medical reputation was severely damaged by the improper ongoing association with the dangerous actions of Defendants Pain Management facility.

WHEREFORE, Plaintiff, MICHAEL LAZARUS LE MON, MD ("Plaintiff"), prays that this Court will:

a. Order Defendants, Defendants, STEPHEN OLUSEGUN BANJOKO ("Banjoko"),  BAMIDELE CASEY BANJOKO aka BAMIDELE CASEY WANGBOJE ("Casey") and SHILO LLC dba SHILOH MEDICAL GROUP unregistered dba SHILOH HEALTH ("Shilo") to remedy the race discrimination of Plaintiff by:

    i. Paying appropriate back pay;

    ii. Paying prejudgment and post-judgment interest;

    iii. Paying front pay in lieu of reinstatement;

    iv. Paying for lost benefits including medical insurance, pension and retirement plan;

    v. Providing any other relief that is appropriate.

b. Enter an order against Defendants for compensatory damages;

c. Enter an order against Defendants for punitive damages;

d. Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to Section 448.104, Florida Statutes.

## COUNT IV – UNJUST ENRICHMENT

43. Plaintiff re-alleges the allegations contained in paragraphs 1-27 above. This count is alleged in the alternative to Count III.

44. As an alternative pleading to the allegations in Count III, Defendants stole the benefits of Plaintiff's name, image, likeness and credentials but Plaintiff was not compensated fully for these stolen advertising services.

45. Defendants have accepted these services and never objected to the same.

46. Plaintiff has been damaged due to Defendants willful failure to pay Plaintiff for all of his advertising services. Defendants have willfully failed to pay Plaintiff for his stolen name, image, likeness and credentials. Prior to the commission of Discovery, a reasonable estimate of this loss is six hundred twenty-four thousand dollars ($624,000).

WHEREFORE, Plaintiff, MICHAEL LAZARUS LE MON, MD ("Plaintiff"), prays that this Court will:

a. Order Defendants, Defendants, STEPHEN OLUSEGUN BANJOKO ("Banjoko"), BAMIDELE CASEY BANJOKO aka BAMIDELE CASEY WANGBOJE ("Casey") and SHILO LLC dba SHILOH MEDICAL GROUP

unregistered dba SHILOH HEALTH ("Shilo") to remedy the race discrimination of Plaintiff by:

    i. Paying appropriate back pay;

    ii. Paying prejudgment and post-judgment interest;

    iii. Paying front pay in lieu of reinstatement;

    iv. Paying for lost benefits including medical insurance, pension and retirement plan;

    v. Providing any other relief that is appropriate.

b. Enter an order against Defendants for compensatory damages;

c. Enter an order against Defendants for punitive damages;

d. Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to Section 448.104, Florida Statutes.

## DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL LAZARUS LE MON, hereby demands trial by jury on all claims triable by right of jury under state or federal law.

Dated this 11th day of February, 2026

Respectfully submitted,

*Warren J. Pearson, JD*

Warren James Pearson, JD
3562 Four Oaks Blvd
Tallahassee FL 32311
Counsel for Plaintiff
Telephone: (850) 567-6164
E-mail: warpear@gmail.com
Florida Bar No.: 0711578